FILED
COURT OF APPEALS
DIVISION II

2015 JAN 13 AM 11: 17

STATE OF WASHINGTON

BY _____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CITY OF VANCOUVER, | No. 45443-2-II |
| Respondent, | |
| v. | |
| BRINESH PRASAD, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Brinesh Prasad appeals his conviction following a bench trial for second degree driving while license invalidated (DWLI). Prasad argues that the trial court violated his Sixth Amendment right to confrontation by admitting into evidence a letter from the Department of Licensing (DOL) regarding the status of his license and denying him the opportunity to confront the letter's author. We accept the City of Vancouver's (City) concession that the trial court erred by admitting the letter into evidence, but hold that this error was harmless. Accordingly, we affirm Prasad's conviction.

## FACTS

On March 24, 2012, Vancouver Police detective David Brown was on patrol when he noticed Prasad driving a vehicle in front of him. Brown ran a license plate check, which revealed that the vehicle's owner had a suspended license.

Brown initiated a traffic stop. He approached Prasad's vehicle and asked him if his name was Brinesh. Prasad responded that it was and provided Brown with his driver's license. Brown

returned to his patrol car with Prasad's license and confirmed that it was suspended. Brown also confirmed that the driver's license photo matched the driver. Brown issued Prasad a citation for DWLI.

At trial, DOL records custodian Michael McQuade testified regarding Prasad's driving status based on three exhibits the City offered. McQuade identified exhibit 1 as a notice of revocation, which the DOL sends to drivers informing them of the dates of their ineligibility to drive. McQuade testified that revocation notices are sent out in the ordinary course of business to the driver's last address of record. Exhibit 1 showed that Prasad's driver's license was revoked for one year starting on October 6, 2011. McQuade also identified exhibit 3 as the abstract of Prasad's complete driving record. The abstract showed the revocation of Prasad's driver's license from October 6, 2011 until October 6, 2012 for refusing a breath or blood test.

Exhibit 2 was the DOL's diligent search/cover letter, which stated that "a diligent search of our official record indicates" that Prasad's driving status on March 12, 2012 was "revoked." The letter was signed by another DOL records custodian. The letter included certification that the attached revocation notice and driving record were true and correct copies.

McQuade testified that his independent review of the record led him to conclude that Prasad's driving status was revoked at the time Prasad was stopped and cited. His review of the records showed that the revocation order was in effect for Prasad's refusal of a breath or blood test.

Prasad objected at trial to exhibits 1, 2, and 3. The court allowed the three exhibits into evidence because exhibit 2 was properly certified under the DOL's seal and included a

certification that the attached revocation notice (exhibit 1) and driving record (exhibit 3) were official records maintained within the state.

The trial court issued oral findings of fact and conclusions of law, finding that (1) Prasad was driving a motor vehicle in the City of Vancouver at a time when his license was revoked by the DOL, (2) the DOL properly sent the notice of revocation to Prasad's last address of record, and (3) Brown's testimony and the additional corroborative evidence confirmed that Prasad was the driver of the vehicle and was the same Brinesh Prasad who had a revoked license. The trial court concluded that Prasad committed the crime of second degree DWLI and entered its judgment and sentence.

Prasad appealed to the superior court. The superior court concluded that exhibit 2 could be admitted only if Prasad had the ability to confront the drafter, but that McQuade's testimony authenticated all three exhibits. The court also found that there was sufficient evidence to support Prasad's conviction. Accordingly, the superior court affirmed Prasad's conviction.

Prasad filed a motion for discretionary review challenging the admissibility of all three exhibits. We granted review solely on the issue of whether the three exhibits were inadmissible under the Sixth Amendment's confrontation clause. In his opening brief, Prasad assigned error only to the admission of exhibit 2.

## ANALYSIS

### A.   CONFRONTATION CLAUSE

Prasad claims the trial court's admission of exhibit 2 into evidence violated his right to confront witnesses against him because the "diligent search" portion of that document was testimonial, and he had no ability to confront the exhibit's author. The City concedes that it was

error for the trial court to admit the diligent search portion of exhibit 2 into evidence. We accept the City's concession. [1]

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution, an accused person has the right to confront the witnesses against him. [2] Therefore, a witness may not testify against a defendant unless that witness appears at trial or the defendant had a prior opportunity for cross-examination. *State v. Jasper*, 174 Wn.2d 96, 109, 271 P.3d 876 (2012). We review alleged confrontation clause violations de novo. *Id.* at 108.

When the prosecution offers a document into evidence and the document's author does not testify, the first issue is whether the author is a "witness" for confrontation clause purposes. *State v. Lui*, 179 Wn.2d 457, 470, 315 P.3d 493, *cert. denied*, 134 S. Ct. 2842 (2014). Our Supreme Court in *Lui* adopted a two-part test for making this determination. Under this test, we ask whether (1) the author made some statement of fact to the court (as opposed to merely processing a piece of evidence), and (2) that statement of fact was inculpatory (i.e., related to some factual issue in the case). *Id.* at 470-71.

---

[1] The City initially argues that we should decline to consider Prasad's confrontation clause argument because he waived the issue by not raising it at trial. Prasad counters that the City is barred from making this argument because we accepted discretionary review of this issue. Because we accepted review of this issue, we will consider it.

[2] The federal and state constitutions provide the same protection for the right of a defendant to confront witnesses. *State v. Lui*, 179 Wn.2d 457, 468, 315 P.3d 493, *cert. denied*, 134 S. Ct. 2842 (2014).

Exhibit 2 served two functions: (1) the diligent search portion included a conclusion about a person's driving status on the date of the offense, and (2) another portion authenticated the attached records supporting that conclusion.

Our Supreme Court in *Jasper* held that an affidavit from a legal custodian of driving records stating that the custodian performed a diligent search of records and that the records indicated that the defendant's driver's license was suspended on the date of an automobile accident is testimonial and inadmissible absent an opportunity for confrontation. 174 Wn.2d at 116. Based on *Jasper*, the City properly concedes that the trial court violated Prasad's confrontation right by admitting the diligent search portion of exhibit 2 into evidence.

However, a clerk's certification that a driver's record is a true and correct copy is non-testimonial in nature, and a trial court does not violate a defendant's confrontation right by admitting it for authentication purposes. *Jasper*, 174 Wn.2d at 112. This rule applies to the second portion of exhibit 2, which certified and authenticated the attached notice of revocation and driving record. The author of the certification portion of exhibit 2 was not a witness against Prasad because the author certified only that the copies were authentic. The certification function of exhibit 2 did not inculpate Prasad because it did not interpret the two attached documents to resolve a factual issue in the case. *See Lui*, 179 Wn.2d at 471. Accordingly, the trial court did not violate Prasad's right to confrontation by admitting exhibit 2 into evidence for authentication purposes.

B.    HARMLESS ERROR

Although it was error for the trial court to admit the diligent search portion of exhibit 2 into evidence, the City argues that this error was harmless. We agree because the City's overwhelming untainted evidence proved the necessary elements of second degree DWLI.

A confrontation clause violation is subject to constitutional harmless error analysis. *Jasper*, 174 Wn.2d at 117. An error is harmless if it is clear "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* at 117 (quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, L. Ed. 2d 705 (1967)). In making this determination, courts use the "overwhelming untainted evidence" test, under which the appellate court looks "to the untainted evidence to determine if it was so overwhelming that it necessarily leads to a finding of guilt." *Lui*, 179 Wn.2d at 495.

For the City to prove that Prasad was guilty of second degree DWLI, it had to prove that Prasad drove a motor vehicle within the city of Vancouver while his license was suspended or revoked for any of 20 enumerated reasons. RCW 46.20.342(1)(b). One of these enumerated reasons is "an administrative action taken by the department under chapter 46.20 RCW." RCW 46.20.342(1)(b)(xviii). The diligent search portion of exhibit 2 stated that on the day of the alleged crime Prasad's license was revoked. Therefore, the question is whether there was overwhelming untainted evidence of this fact apart from exhibit 2.

The City provided evidence from two sources that Prasad's license was revoked on March 24, 2012. First, exhibits 1 and 3 – which were properly admitted[3] – show that Prasad's

---

[3] For the same reasons that the second portion of exhibit 2 was admissible, the admission of exhibits 1 and 3 did not violate the confrontation clause. Those exhibits were true business records, and were neither testimonial nor inculpatory.

license was revoked from October 6, 2011 until October 6, 2012 for refusing a breath or blood test. Second, McQuade's testimony that he reviewed Prasad's driving record and determined that Prasad's license was suspended on March 24, 2012 for refusing a breath or blood test shows these facts. Therefore, the City's untainted evidence overwhelmingly proves that Prasad's license was revoked on the date of the alleged crime based on an administrative action taken by the DOL.

The trial court's admission of the diligent search portion of exhibit 2 was error, but the error was harmless because the City presented overwhelming untainted evidence to prove that Prasad's license was suspended on March 24, 2012. Accordingly, we affirm Prasad's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

JOHANSON, C.J.

SUTTON, J.

7